RUIZ, Senior Judge,
concurring:
I join Chief Judge Washington in expressing the view that the issue of the wisdom, indeed the constitutionality, of the first prong in the Laumer test is ripe for review by the court en banc. Laumer v. United States, 409 A.2d 190, 199 (D.C. 1979) (en banc). As the authorities cited in Judge Fisher’s opinion for the court make clear, the tide is decisively turning against an evidentiary rule that permits a judge (to the exclusion of the jury) in a criminal case to make credibility determinations regarding the testimony of an in-court witness and, based on that credibility determination, to preclude the defense from introducing evidence of an out-of-court declaration that otherwise meets the requirements for admissibility as a statement against penal interest. See ante notes 2 (citing federal appellate courts) and 4 (citing state supreme courts); Advisory Committee Note on the 2010 Amendments to Fed.R.Evid. 804(b)(3), 28 U.S.C.A., p. 338 (West 2012).
This court’s Laumer opinion adopting the statements against penal interest exception to the hearsay rule did not consider whether the first prong of the test for admissibility trenched on the jury’s prerogative and the defendant’s Fifth and Sixth Amendment rights to present a defense and to a jury trial. Interestingly, however, Laumer did recognize that once a statement is deemed admissible (i.e., after the trial court has passed on the credibility of the in-court witness), “the truth of the statement as well as the credibility of the witness who repeats the statement [in court] must be weighed by the trier-of- *128 fact.” 409 A.2d at 196. Apparently the question of whether the jury should have a similarly decisive role when the trial court finds the in-court witness not credible was not raised to the court. In the thirty-five years since Laumer that issue has been brought into focus by a number of Supreme Court cases that jealously guard the jury’s role as the ultimate fact-finder on matters concerning guilt and maximum exposure to punishment. See, e.g., Holmes v. South Carolina, 547 U.S. 319, 329-31, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006) (striking down as “arbitrary” a rule that permitted the trial court to exclude the defendant’s third-party perpetrator evidence, even if probative, if the court evaluated evidence of the defendant’s guilt as strong); Blakely v. Washington, 542 U.S. 296, 313, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (holding a sentencing scheme unconstitutional because it permitted judges to increase sentences based on their own findings of fact); Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (“Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum [sentence] must be submitted to a jury, and proved beyond a reasonable doubt.”). In cases dealing with the admissibility of defense evidence generally, we have made clear that it is the fact-finder, not the trial court that must assess the credibility of a proffered witness. See, e.g., Brisbon v. United States, 894 A.2d 1121, 1130 (D.C.2006) (reversing conviction where defense witness was excluded based on judge’s determination that witness was biased, noting that is “essentially a credibility determination that should have been left to the jury”); Brown v. United States, 740 A.2d 533, 537 (D.C.1999) (“Conditioning bias cross-examination on the court’s ability to assess the credibility of the source of [an] alleged motive [to fabricate] runs too close to usurping the jury’s function.”); Newman v. United States, 705 A.2d 246, 259 (D.C. 1997) (noting that in evaluating a proffer for admissibility, the trial judge must be careful to refrain from evaluating the credibility of the "witness). We have also warned against judicial rules based on “excessive mistrust of juries.” Allen v. United States, 603 A.2d 1219, 1224 (D.C.1992) (en banc) (quoting Riordan v. Kempiners, 831 F.2d 690, 698 (7th Cir.1987)); Winfield v. United States, 676 A.2d 1, 7 (D.C.1996) (en banc).
It has long been recognized that courts may adopt rules to regulate the admissibility of evidence to that which is relevant, reliable, and not unduly prejudicial. See Holmes, 547 U.S. at 326-27,126 S.Ct. 1727 (citing cases). But that authority must be used only when necessary for a legitimate purpose and in line with the constitutional rights of the parties. See id. at 330-31, 126 S.Ct. 1727 (holding that state’s eviden-tiary rule “violates a criminal defendant’s right to have ‘a meaningful opportunity to present a complete defense’ ”) (quoting Crane v. Kentucky, 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986)). The time has now come for the en banc court to revisit the first prong of Laumer and fully consider the challenge raised by appellants to its necessity as a means to excluding unreliable evidence from tainting a trial and, more fundamentally, its constitutionality in light of supervening jurisprudence giving preeminence to the jury’s role in making ultimate credibility determinations.